THE STATE, SAMUEL E. DE GROOT ET AL., EXECUTORS, &c., PROSECUTORS, v. THE MAYOR AND ALDERMEN OF JERSEY CITY.

An owner of land, which he has dedicated to the public as a street, but which the public has in nowise accepted or appropriated, is an owner of land within the intent and meaning of section 23 of the supplemental act to reorganize the government of Jersey City. *Pamph. L.* 1873, *p.* 406.

On *certiorari.*

Argued at June Term, 1892, before Justices Dixon and Werts.

For the prosecutors, *John Garrick.*

For the defendants, *William D. Edwards.*

The opinion of the court was delivered by

WERTS, J.  In the month of July, 1890, Michael Lienan presented his petition to the board of street and water commissioners of Jersey City, requesting that a street fifty feet wide, to be called Lienan place, be opened, extending from Prospect street to Booræm avenue, in Jersey City, and setting forth that he was the owner of at least one-third of the frontage of land along the line of the improvement desired.  The street was duly opened in accordance with the prayer of the petition, and thereupon the prosecutors brought this writ of *certiorari* to set aside the proceedings.  From the testimony in the case, it appears that the street is laid over land belonging entirely to the prosecutors and Michael Lienan, and that Lienan is the owner of more than one-third of the property fronting on the new street.  The properties of the prosecutors and Lienan adjoin, and over the land of Lienan and extending to the lands of the prosecutors, the street as opened by the public authorities had already been opened by Lienan and dedicated to public uses, but such dedication thereof had never been accepted by the public over the lands of the prosecutors; the street had no existence until laid out by the authorities, acting on the petition of Lienan, over the prosecutors' land; the street was therefore merely a continuance of a dedicated street, already existing over Lienan's land.  It is insisted, in behalf of the prosecutors, that Lienan's land, having been dedicated to the public (although unaccepted), he was not such an owner of land fronting along the improvement desired as is contemplated or required by section 23 of the charter of Jersey City.  *Pamph. L.* 1873, *p.* 406.  That section provides that no petition for any improvement shall be of any force, avail or effect, unless the same be signed by the owners of one-third of the frontage of land along the improvement desired.

The improvement desired and asked for by the petition was a street extending across both properties, which the public should be under obligation to recognize and maintain. Although Lienan had dedicated his land, the fact of such

dedication, without acceptance, imposed no burden or obligation upon the public. There had been no formal acceptance of the land and no such user as showed an appropriation thereof by the public. *Holmes* v. *Jersey City*, 1 *Beas.* 299; *Jersey City* v. *State*, 1 *Vroom* 521; *Moran* v. *Jersey City*, 5 *Id.* 25; *Central R. R. Co.* v. *Elizabeth*, 6 *Id.* 361.

The conclusion is, that Lienan was an owner of land on the improvement desired within the intent and meaning of section 23 above quoted; and no other sufficient objection appearing to the regularity or legality of the proceedings, the writ of *certiorari* is dismissed.