THE NEW JERSEY JUNCTION RAILROAD COMPANY ET
AL., PROSECUTORS, v. THE MAYOR AND ALDERMEN
OF JERSEY CITY ET AL.

Argued February 25, 1902—Decided June 20, 1902.

1. An owner of property along a street, alleged to be dedicated, but
   which has not been actually opened or accepted by the public, may
   petition to have the street opened and be counted as a part of
   the petitioning property owners required by statute to legalize a
   street opening.
2. A city is not required to accept a dedicated street. Dedication
   by the filing of a map, showing a street thereon, will not prevent
   a city from proceeding to open a street, in the manner pointed
   out by statute, over the lines of the proposed street as shown
   upon the alleged dedication map.

On *certiorari* to bring up a certain resolution of the board
of street and water commissioners of Jersey City to open
Seventeenth street, between Jersey avenue and Hoboken ave-
nue, passed September 25th, 1893.

Before Justices FORT, HENDRICKSON and PITNEY.

For the writ, *James B. Vredenburgh.*

For the defendant, *John W. Queen.*

The opinion of the court was delivered by

FORT, J. The street opening in this case was petitioned for
by the requisite number of property owners, and no objection
was filed in writing against the improvement by one-half the
owners of the land to be assessed. *Pamph. L.* 1873, *p.* 400,
§§ 23, 24.

The street proposed to be opened passed over three pieces
of land—(1) Traphagen estate, (2) Coles estate, (3) the
Tollman property. It is claimed by the prosecution that the
land through the Coles and Traphagen estate had been dedi-

cated to the city by maps duly filed, which show the street, and that conveyances had been made with reference to said maps. As to the Coles estate, the defendants concede this dedication, but question it as to the Traphagen estate. There was no dedication as to the Tollman property. But, conceding a dedication as claimed, I cannot see how that can affect this proceeding by the city to open the street.

An owner of property along a street alleged by other owners to be dedicated, but which has not been actually opened or accepted by the public, may petition to have the street opened and be counted as a part of the petitioning property owners required by statute to legalize a street opening. *De Groot* v. *Jersey City,* 26 *Vroom* 120.

A city is not required to accept a dedicated street. Nor will a dedication, by the filing of a map, prevent a city from proceeding in the way pointed out by statute to open a street over the lines of a proposed street shown upon the alleged dedication map.

The only effect of a map showing a dedication of a street is that it is undoubtedly conclusive evidence of such dedication. *Clark* v. *Elizabeth,* 11 *Vroom* 172.

Nor do I see how the prosecutors have any standing to prosecute their writ at this time. They place their right upon the ground that if the city proceeds with the street opening, their property may probably be assessed for a part of the cost of the opening and that it would not be legal to assess for an opening where the land taken had been previously dedicated. The conclusive answer to this is twofold.

*First.* The city may not have any intention to assess for the cost of the opening.

*Second.* If it has, and the prosecutors are hereafter assessed illegally, they can raise that objection when it occurs.

The writ is dismissed, without costs.