J. FRANCES PEASE, PLAINTIFF IN CERTIORARI, v. THE PATERSON AND STATE LINE TRACTION COMPANY.

Argued November 12, 1902—Decided February 24, 1903.

1. A street or avenue laid out by an owner upon his land and by him dedicated to the public use, in the absence of its acceptance by the public, is not a street or highway within the meaning of the Traction act of 1893, and the supplement thereto.    *Pamph. L., p. 302; Gen. Stat., p. 3235.*

2. The owner of land in a street thus dedicated, but not accepted, is an owner of land within the meaning of section 14 of the Traction act regulating the proceedings to condemn lands.

On *certiorari.*

Before Justices DIXON and HENDRICKSON.

For the plaintiff in *certiorari, Cornelius Doremus.*

For the defendant, *Preston Stevenson.*

The opinion of the court was delivered by

HENDRICKSON, J.  The plaintiff seeks to set aside the appointment of commissioners to condemn that portion of her lands contained within the filed location of defendant's railway, at the village of Ridgewood, in Bergen county.  The proceedings were taken under the Traction act of 1893. *Pamph. L., p.* 302; *Gen. Stat., p.* 3235.  This case was argued with the case of Houston against the same defendant, decided at this term, involving a similar proceeding as to lands within the defendant's line of railway at the above village.  Many of the facts recited in the opinion are pertinent to this discussion and need not be repeated.  The lands here sought to be condemned are portions of two separate tracts situate within the village, running to the center line of two mapped streets, one to a street named Murray avenue, the other to a street named Clinton avenue.  The reasons present but one objection to the proceedings.  The allegation is that the avenues in question are public highways, in the control of the board of trustees of the village, and, the municipality being no party to the proceedings, they must fail. Upon examining the agreed statement of facts, we find that these alleged streets have their origin in a map of Ridgewood Park, so called, upon which they are plotted, consisting of lots and avenues, filed in the clerk's office of Bergen county (presumably by the then owners of the tract) in the year 1868.  The location was then in Franklin township (now in the village of Ridgewood).  But a single building has been erected upon the plot, it being a dwelling-house on Clinton avenue, and said streets have remained in their natural state, without

grading or other improvement, and, with the lots fronting them, have been occasionally used for passage by pedestrians or vehicles, from time to time, since that date. The case also shows that no formal dedication of the streets was ever made to the public authorities, and that there has been no acceptance of them as such by formal resolution or otherwise. Nor have the public authorities assumed any charge, care or responsibility for either of said streets. I have not undertaken to recite all the facts, and whether, upon the whole case, there was a dedication of these streets to the public use as such it is not necessary to now decide. But, granting for the purposes of the argument that there was such a dedication, we conclude that there has been no acceptance of said streets by the public authorities, and no such public user as would amount to an acceptance. And such an acceptance is necessary before streets thus dedicated can become public highways. *Holmes* v. *Jersey City*, 1 *Beas.* 299; *Central Railroad Co.* v. *Elizabeth*, 6 *Vroom* 359; *Long Branch Railroad Co.* v. *South Amboy*, 28 *Id.* 253; *Booraem* v. *North Hudson County Railroad Co.*, 12 *Stew. Eq.* 465.

The streets in question are not highways, in the sense used in the Traction act, requiring consents from the municipality and the abutting owners before the company can lay down its tracks. And when they are streets by dedication only, but without such acceptance, the owner thereof is the owner of land, within the intent and meanings of the provisions of the Traction act regulating condemnation proceedings. This principle was recognized by the court in *De Groot* v. *Jersey City*, 26 *Vroom* 120.

The result is that the proceedings below must be affirmed, with costs.